**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X   Case No.

JUAN NAJERA, individually and on behalf of other
employees similarly situated,

                                                **COMPLAINT**

                        Plaintiff,

                                               **Jury trial Demanded**

          -against-

JERUSALEM BEDDING CORP., E.P.E ENTERPRISE
CORP., PIERO TEJADA MAGAÑA, in his individual
and professional capacities, and CHRISTINA ACEVEA,
in her individual and professional capacities,

                        Defendants.

------------------------------------------------------------------X

Plaintiff, JUAN NAJERA ("Plaintiff"), by and through his attorneys, THE STEPHENS LAW FIRM PLLC, as and for his Complaint against Defendants JERUSALEM BEDDING CORP. ("JERUSALEM"), E.P.E ENTERPRISE CORP. ("E.P.E"), PIERO TEJADA MAGAÑA ("TEJADA"), and CHRISTINA ACEVEA ("ACEVEA") (collectively referred to herein as "Defendants"), alleges upon personal knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon violations committed by Defendants of Plaintiff's rights guaranteed to them by: (i) the Fair Labor Standards Act ("FLSA") minimum wage provisions, 29 U.S.C. § 206(a); (ii) the FLSA's overtime provisions, 29 U.S.C. § 207(a); (iii) the New York Labor Law's ("NYLL") minimum wage provisions, N.Y. Lab. Law § 652(1); (iv) the overtime provisions of the NYLL, N.Y. Lab. Law §

160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (v) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of information, N.Y. Lab. Law § 195(3), (vi) the NYLL's requirement that employers furnish employees with a notice and acknowledgement containing specific categories of information at the time of hiring and every year thereafter, N.Y. Lab. Law § 195(1), (vii) spread of hours pay under N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.4, and (viii) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of 29 U.S.C. § 216(b), on behalf of himself and all other current and former employees similarly situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' violations of the FLSA.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1367 over all state law claims.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(1), as the Defendants reside or maintain a principal place of business within the Eastern District of New York.

## PARTIES

5. At all relevant times, Plaintiff was or is a resident of the State of New York and is a "person" and an "employee" entitled to protection as defined by the FLSA, NYLL and the NYCCRR.

6. At all relevant times, Defendant JERUSALEM is a domestic business corporation with its principal place of business located at 103 Powell Street, Brooklyn, NY 11212.

7. At all relevant times, JERUSALEM owns and operates the business at the aforementioned location.

8. At all relevant times, upon information and belief, JERUSALEM is in the business of manufacturing mattresses and box springs.

9. At all relevant times, Defendant E.P.E is a domestic business corporation with its principal place of business located at 103 Powell Street, Brooklyn, NY 11212.

At all relevant times, E.P.E owns and operates the business at the aforementioned location.

10. At all relevant times, upon information and belief, E.P.E is in the business of manufacturing mattresses and box springs.

11. At all relevant times, upon information and belief, Defendant TEJADA is a resident of New York and owns and operates the business at the aforementioned location.

12. At all relevant times, upon information and belief, Defendant TEJADA is a principal of Defendant JERUSALEM.

13. At all relevant times, upon information and belief, Defendant TEJADA is a principal of Defendant E.P.E.

14. At all relevant times, upon information and belief, Defendant ACEVEA is a resident of New York and owns and operates the business at the aforementioned location.

15. At all relevant times, upon information and belief, Defendant ACEVEA is a principal of Defendant JERUSALEM.

16. At all relevant times, upon information and belief, Defendant ACEVEA is a

principal of Defendant E.P.E.

17. At all relevant times, upon information and belief, Defendants JERUSALEM and E.P.E have common owners, shareholders, and principals.

18. At all relevant times, upon information and belief, Defendants JERUSALEM and E.P.E have common officers and managers.

19. At all relevant times, Defendants are "employers" and "persons" within the meaning of the FLSA and the NYLL.

20. At all relevant times, Defendants are joint employers within the meaning of the FLSA and NYLL.

21. At all relevant times, Defendants have at least two employees, and the Defendants' gross annual volume of sales or business done is not less than $500,000.00, and the Defendants are engaged in interstate commerce within the meaning of the FLSA, as they handle goods and products that are moved between the States, the combination of which subjects the Defendants, as an enterprise, to the FLSA's overtime requirements. Furthermore, all Defendants' employees, including Plaintiff, are individually engaged in interstate commerce, as they personally handle goods that have been and continue to be moved in interstate commerce. This independently subjects Defendants to the overtime requirements of the FLSA with respect to each individual employee.

## JOINDER OF PARTIES - FLSA COLLECTIVE ACTION

22. Plaintiff seeks to bring this suit to recover from Defendants unpaid minimum wage, overtime pay, and liquidated damages pursuant to the applicable provisions of the FLSA, pursuant to 29 U.S.C. § 216(b), on his own behalf as well as those in the following class:

Current and former employees of Defendants who, during the applicable FLSA

limitations period, performed any work for or on behalf of the Defendants as laborers involved in the production of mattresses and box springs who give consent to file a claim to recover overtime compensation that is legally due to them for the time in excess of forty hours in a given workweek for which Defendants did not compensate them at the legally mandated rate of one and one-half times their respective straight-time rates of pay, and/or for whom the Defendants did not compensate at the minimum wage rate for each hour worked ("FLSA Plaintiffs").

23. The Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: performed similar tasks, as described in the "Facts" section below; were subject to the same laws and regulations; were paid in the same or similar manner; were not paid the lawful minimum wage pursuant to the FLSA and the laws of the State of New York; were required to work in excess of forty hours each week; were not paid the required one and one-half times their respective regular rates of pay for all overtime hours worked per workweek.

24. At all relevant times, the Defendants are and have been aware of the requirement to pay Plaintiff herein and the FLSA Plaintiffs at the lawful minimum wage for all hours worked and at the rate of one and one-half times their respective regular rates of pay for hours worked each workweek above forty but purposely chose not to do so.

## BACKGROUND FACTS

25. At all relevant times, Plaintiff is a former employee of Defendants and performed his duties for Defendants' benefit at Defendants' facilities located at 103 Powell Street, Brooklyn, New York and 821 Oregon Avenue, Lithicum, Maryland.

26. At all relevant times, the Defendants had a policy and practice of refusing to pay Plaintiff and the FLSA Plaintiffs at the lawfully mandated minimum hourly rate pursuant to the FLSA and the laws of the State of New York; to pay overtime compensation at the statutory rate of one and one-half the regular hourly rate for hours worked in excess of forty hours per work week; to provide a legally sufficient wage statement as required; or to provide a pay notice upon

hiring and upon changes in the information contained in the said pay notice as required by the NYLL.

27. Defendants hired Plaintiff in or about February 2014.

28. Plaintiff was employed by Defendants in the manufacture of box springs.

29. Plaintiff's duties included cutting wood, constructing box spring frames, and upholstering box springs.

30. When Plaintiff was first employed, there were approximately nine laborers engaged in the construction of mattresses and box springs at the facility, one secretary, and one driver. All laborers entered at 7:00 a.m. except for two, who entered at 8:00 a.m. All laborers worked until closing. The hour of closing varied depending on the amount of work there was, from 3:30 p.m. to 7:30 p.m. As a result, the weekly hours varied, but was approximately 60 hours. All laborers worked full days Monday through Thursday. On Fridays, laborers worked until between 1:00 p.m. and 3:30 p.m., depending on the amount of work. At times when work was slow, laborers were let go at 12:00 p.m. On Saturdays, workers were typically let go at 1:00 p.m.

31. Of the laborers, four manufactured mattresses, two stacked mattresses and box springs, two sewed upholstery, and Plaintiff assembled box springs.

32. For work performed Monday through Saturday, workers clocked in and out using punch cards. Workers were given a half hour lunch break and one additional fifteen-minute break. The 15-minute breaks were paid. Lunch breaks were not always paid.

33. When Plaintiff started his employment with the Defendants, he was paid a rate of $10.00 per hour in cash each Friday or Saturday. Plaintiff was paid at the same rate regardless of the number of hours worked in a week.

34. Beginning in or about May 2015 through approximately December 2015, the Defendants began sending Plaintiff to another facility in Linthicum, Maryland. At first, Plaintiff worked approximately two weeks at a time in Maryland followed by three days in Brooklyn. Eventually, beginning in approximately July 2015, Plaintiff began working approximately one month at a time in Maryland followed by three days in Brooklyn.

35. Plaintiff worked in Maryland until approximately December 2015.

36. After approximately one month working in Maryland, Plaintiff's pay rate was increased to $12.50 per hour, regardless of the number of hours worked.

37. There were approximately 10 workers at the Maryland facility. All workers maintained the same schedule, which was substantially similar to the schedule at the Brooklyn facility. Plaintiff also worked Sundays in Maryland.

38. In addition to the above time, throughout the time Plaintiff was employed by the Defendants, Plaintiff worked Sundays 7:00 a.m. to 12:00 p.m. Plaintiff did not punch in or out for this time, and received $100.00 cash for each Sunday he worked.

39. Beginning in January 2020, Plaintiff's pay rate was increased to $14.50 per hour for all hours worked except Sundays, which continued to be paid at $100.00 per day.

40. In or about March 2020, when New York State imposed a mandatory lockdown, Plaintiff's hours were cut to three days weekly from 7:00 a.m. to 3:00 p.m. At the beginning of June 2020, Plaintiff's hours were again adjusted to Mondays through Fridays 7:00 a.m. to 7:30 p.m.; Saturdays 7:00 a.m. to 12:00 or 1:00 p.m.; and alternate Sundays 7:00 a.m. to 1:00 p.m. As before, Plaintiff used a time clock for work done Monday through Saturday, but not for work done on Sundays, for which work he received $100.00 cash.

41. On June 25, 2020, Plaintiff was terminated.

42. Plaintiff was supervised by Defendant TEJADA.

43. At all relevant times, for work performed over forty hours each week, Plaintiff and the FLSA Plaintiffs were not paid at a rate of one-and-one-half times his regular rate. Instead, Plaintiff and the FLSA Plaintiffs were compensated at their regular hourly rate for all hours worked over forty hours each week.

44. The work schedule of Plaintiff and the FLSA Plaintiffs was set by the Defendants. Consequently, at all relevant times, Defendants knew that Plaintiff and the FLSA Plaintiffs were working many more than 40 hours each week; yet they permitted or suffered them to work those hours without paying them at the appropriate overtime rate under the FLSA and NYLL.

**FIRST CLAIM FOR RELIEF, UNPAID MINIMUM WAGE UNDER FLSA**

45. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

46. 29 U.S.C. 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked. Minimum wage under the FLSA has been $7.25 per hour since July 24, 2009.

47. The FLSA provides that when state minimum wage is higher than the federal minimum wage the employee is entitled to the state minimum wage rate.

48. From December 31, 2016, through December 30, 2017, under the NYLL, the minimum wage for New York City employers, such as the Defendants, with eleven or more employees was $11.00 per hour. From December 31, 2017, through December 30, 2018, the minimum wage was $13.00 per hour. As of December 31, 2018, the minimum wage is $15.00 per hour.

49. As described above, Defendants are employers within the meaning of the FLSA

and Plaintiff and the FLSA Plaintiffs are employees within the meaning of the FLSA.

50. As also described above, the Defendants did not compensate Plaintiff and the FLSA Plaintiffs for all hours worked at an hourly rate required by the FLSA.

51. The Defendants' actions were in willful violation of the FLSA.

52. Plaintiff and the FLSA Plaintiffs are entitled to the entire amount they were legally due under the FLSA's minimum wage provisions.

53. Plaintiff and the FLSA Plaintiffs are also entitled to liquidated damages and attorney's fees for the Defendants' violation of the FLSA's minimum wage provisions.

## SECOND CLAIM FOR RELIEF, UNPAID OVERTIME UNDER FLSA

54. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

55. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate for any hours exceeding forty in a workweek.

56. As also described above, Plaintiff and the FLSA Plaintiffs worked in excess of forty hours each week, yet the Defendants failed to compensate Plaintiff and the FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

57. The Defendants' actions were in willful violation of the FLSA.

58. Plaintiff and the FLSA Plaintiffs are entitled to the compensation they are legally due under the FLSA's overtime provisions.

59. Plaintiff and the FLSA Plaintiffs are also entitled to liquidated damages and attorney's fees for the Defendants' violations of the FLSA's overtime provisions.

## THIRD CLAIM FOR RELIEF, UNPAID MINIMUM WAGE UNDER NYLL

60. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above

with the same force and effect as if more fully set forth herein.

61. N.Y. Lab. Law § 652(1) prescribes a minimum wage that employer must pay employees for each hour worked. As of February 2014, through December 30, 2014, the minimum wage under the NYLL was $8.00 per hour. From December 31, 2014, through December 30, 2015, the minimum wage was $8.75 per hour. From December 31, 2015, through December 30, 2016, the minimum wage was $9.00 per hour. From December 31, 2016, through December 30, 2017, for employees with eleven or more employees, the minimum wage was $11.00 per hour. From December 31, 2017, through December 30, 2018, for employees with eleven or more employees, the minimum wage was $13.00 per hour. As of December 31, 2018, for employees with eleven or more employees, the minimum wage is $15.00 per hour.

62. As described above, Defendants are employers within the meaning of the NYLL while Plaintiff and the FLSA Plaintiffs are employees within the meaning of the NYLL.

63. As also described above, Defendants did not compensate Plaintiff and the FLSA Plaintiffs for all hours worked at the hourly rate required by the NYLL.

64. Plaintiff and the FLSA Plaintiffs are entitled to the entire amount which was legally due to them under the NYLL's minimum wage provisions.

65. For the Defendants' willful violations of the NYLL, Plaintiff and the FLSA Plaintiffs are entitled to recover from Defendants their unpaid wages, attorney's fees, liquidated damages, pre-judgment and post-judgment interest.

**FOURTH CLAIM FOR RELIEF, UNPAID OVERTIME UNDER NYLL**

66. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

67. N.Y. Lab. Law § 160 and NYCRR tit. 12, § 142-2.2 require employers to

compensate their employees at a rate not less than one and one-half times their regular rate for any hours exceeding forty in a workweek.

68. As described above, Defendants are employers within the meaning of the NYLL while Plaintiff and the FLSA Plaintiffs are employees within the meaning of the NYLL.

69. As also described above, Plaintiff and the FLSA Plaintiffs frequently worked in excess of forty hours each week, yet Defendants failed to compensate Plaintiff and the FLSA Plaintiffs in accordance with the N NYLL's and NYCCRR's overtime provisions.

70. Defendants' actions were in willful violation of the NYLL and NYCCRR.

71. Plaintiff and the FLSA Plaintiffs are entitled to the amount legally due to them under the NYLL's and NYCCRR's overtime provisions.

72. Plaintiff and the FLSA Plaintiffs are also entitled to liquidated damages, attorney's fees, costs, and pre-judgment and post-judgment interest for Defendants' violations of the NYLL's and NYCCRR's overtime provisions.

### FIFTH CLAIM FOR RELIEF, FAILURE TO FURNISH WAGE STATEMENTS IN VIOLATION OF NYLL

73. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

74. N.Y. Lab. Law § 195(3) requires that employers furnish employees with "a statement with every payment of wages containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime

compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked. For all employees paid a piece rate, the statement shall include the applicable piece rate or rates of pay and number of pieces completed at each piece rate. Upon the request of an employee, an employer shall furnish an explanation in writing of how such wages were computed."

75. As described above, Defendants are employers within the meaning of the NYLL while Plaintiff and the FLSA Plaintiffs are employees within the meaning of the NYLL.

76. As described above, Defendants willfully failed to furnish Plaintiff and the FLSA Plaintiffs with wage statements containing the criteria required under the NYLL.

77. Pursuant to N.Y. Lab Law § 198(1-d), Defendants are liable to Plaintiff and each FLSA Plaintiff in the amount of $250.00 for each workday the violations occurred, up to $5,000.00.

78. For their failure, in addition to the statutory penalties, Defendants are liable to Plaintiff and the FLSA Plaintiffs for liquidated damages, attorney's fees and costs, and pre-judgment and post-judgment interest.

**SIXTH CLAIM FOR RELIEF, FAILURE TO PROVIDE PAY NOTICES UPON HIRING AND EVERY YEAR THEREAFTER UNDER NYLL**

79. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

80. The NYLL requires that an employer "provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such

employee, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary. Each time the employer provides such notice to an employee, the employer shall obtain from the employee a signed and dated written acknowledgment, in English and in the primary language of the employee, of receipt of this notice, which the employer shall preserve and maintain for six years. Such acknowledgment shall include an affirmation by the employee that the employee accurately identified his or her primary language to the employer, and that the notice provided by the employer to such employee pursuant to this subdivision was in the language so identified or otherwise complied with paragraph (c) of this subdivision, and shall conform to any additional requirements established by the commissioner with regard to content and form. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the notice must state the regular hourly rate and overtime rate of pay."

81. As described above, Defendants are employers within the meaning of the NYLL while Plaintiff and the FLSA Plaintiffs are employees within the meaning of the NYLL.

82. As described above, Defendants willfully failed to provide Plaintiff and the FLSA

Plaintiffs with any such pay notice containing the criteria required under the NYLL.

83. Pursuant to N.Y. Lab Law § 198(1-d), Defendants are liable to Plaintiff and each FLSA Plaintiff in the amount of $50.00 for each workday the violations occurred, up to $5,000.00.

84. For their failure, in addition to the statutory penalties, Defendants are liable to Plaintiff and the FLSA Plaintiffs for liquidated damages, attorney's fees and costs, and pre-judgment and post-judgment interest.

**SEVENTH CLAIM FOR RELIEF, UNPAID SPREAD OF HOURS UNDER NYCCRR**

85. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

86. NYCRR tit. 12, § 142-2.4 requires employers to compensate their employees for an additional hour's pay at the minimum wage rate in any day in which the spread of hours exceeds 10 hours.

87. As described above, Defendants are employers within the meaning of the NYLL while Plaintiff and the FLSA Plaintiffs are employees within the meaning of the NYLL.

88. As also described above, Plaintiff and the FLSA Plaintiffs worked in excess of ten hours each day, yet Defendants failed to compensate Plaintiff and the FLSA Plaintiffs in accordance with NYCCRR's spread of hours provisions.

89. Defendants' actions were in willful violation of NYCCRR tit. 12, § 142-2.4.

90. Plaintiff and the FLSA Plaintiffs are entitled to the amount legally due to him under NYCCRR's spread of hours provisions.

91. Plaintiff and the FLSA Plaintiffs are also entitled to liquidated damages, attorney's fees, costs, and pre-judgment and post-judgment interest for Defendants' violations of

NYCCRR's spread of hours provisions.

## DEMAND FOR A JURY TRIAL

92. Pursuant to the Federal Rules of Civil Procedure 38(b), Plaintiff demands a trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

a. a judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b. designation of this action as a collective action on behalf of the FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b), and appointing Plaintiff and his counsel to represent the Collective Action members;

c. an order tolling the statute of limitations;

d. an order restraining Defendants from any retaliation against Plaintiff or FLSA Plaintiffs for participating in this action;

e. an order awarding all damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages Plaintiff and the FLSA Plaintiffs would have received but for Defendants' misconduct;

f. liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

g. an order awarding Plaintiff and the FLSA Plaintiffs costs and disbursements

       incurred in connection with this action, including reasonable attorney's fees, expert witness fees and other costs;

h.    pre-judgment and post-judgment interest, as provided by law; and

i.    an order granting Plaintiff and FLSA Plaintiffs any further relief as this Court finds necessary and proper.

Dated: July 16, 2020
       New York, New York

Respectfully submitted,

THE STEPHENS LAW FIRM PLLC
By: GLENDOVAL J. STEPHENS
305 Broadway, Suite 1200
New York, NY 10007
Tel: 212-385-1400
Fax: 212-385-1401
firm@stephenslawny.com
*Attorneys for Plaintiff*